**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
EASTERN DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>JAMALL QUINTAE SALLIS,<br><br>Defendant. | No. CR02-2030-LRR<br><br>**FINAL ORDER REGARDING MOTION FOR SENTENCE REDUCTION PURSUANT TO 18 U.S.C. § 3582(c)(2)** |

This matter is before the court pursuant to its May 6, 2008 order. In such order, the court, among other things, discussed Amendment 706, as amended by Amendment 711, to USSG §2D1.1 and stated:

> Having reviewed the defendant's file, the provisions and commentary of USSG §1B1.10, the factors set forth in 18 U.S.C. § 3553(a), the nature and seriousness of the danger to any person or community that may be posed by a reduction in the defendant's term of imprisonment and the defendant's post-sentencing conduct, the court preliminarily deems it appropriate to exercise its discretion and grant the defendant the maximum reduction permitted under 18 U.S.C. § 3582(c)(2) and USSG §1B1.10. After adjusting the defendant's amended guideline range by the same percentage pursuant to USSG §5K1.1 and 18 U.S.C. § 3553(e), . . . the maximum reduction results in a new term of 101 months imprisonment on count 1.

The court also notified the parties that they needed to file written objections to the proposed reduction to the defendant's sentence and that, if neither party objected, an order would be filed that makes final the new term of imprisonment.

Neither party filed objections to the court's May 6, 2008 order. Consequently, the court, under 18 U.S.C. § 3582(c)(2), grants a reduction in the defendant's term of imprisonment. The defendant's previously imposed 126 month term of imprisonment, as

reflected in the judgment dated June 2, 2003, is reduced to 101 months imprisonment.[1] The defendant's new term of 101 months imprisonment applies to count 1 of the indictment. Except as provided above, all provisions of the judgment dated June 2, 2003 remain in effect. As previously stated in the May 6, 2008 order and without a separate order from the court, the duration and conditions of the defendant's supervised release remain unchanged.

The Clerk of Court is directed to send a copy of this order to the Bureau of Prisons, that is, the place where the defendant is currently incarcerated. The Clerk of Court is also directed to send a copy of this order to the defendant, USM No. 08809-029, and the Federal Public Defender.

**IT IS SO ORDERED**.

**DATED** this 27th day of May, 2008.

LINDA R. READE
CHIEF JUDGE, U.S. DISTRICT COURT
NORTHERN DISTRICT OF IOWA

---

[1] For purposes of the May 6, 2008 order and the instant order, the court relied on the following determinations:

| Previous Offense Level: | 32 | Amended Offense Level: | 30 |
|---|---|---|---|
| Criminal History Category: | IV | Criminal History Category: | IV |
| Previous Guideline Range: | 168 to 210 months | Amended Guideline Range: | 135 to 168 months |

The court previously imposed a term of imprisonment below the guideline range applicable to the defendant at the time of sentencing as a result of a departure under USSG §5K1.1, and the court relied on 18 U.S.C. § 3553(e) to reduce the defendant's sentence below the statutory mandatory minimum. Consequently, the reduced term of 101 months imprisonment is comparably less than the amended guideline range.